WILLIAM H. CLARK ET ALS. ads. STATE, ELIZABETH GRANT, PROSECUTRIX.

The fifty-fourth section of the practice act, which enacts that it shall not be lawful to arrest or imprison the person of any female by virtue of any mesne process or process of execution in any civil action, does not apply to proceedings for contempt.

---

Motion for attachment for non-payment of costs.

Argued at November Term, 1875, before Justices DAL-RIMPLE and REED.

Clark ads. Grant.

For the motion, *B. Williamson.*

Contra, *W. J. Magie.*

The opinion of the court was delivered by

DALRIMPLE, J.   The prosecutrix brought a *certiorari* to set aside the return of surveyors of the highways, laying out a road in the county of Union, which was dismissed, with costs.   In the vacation preceding the last term, a rule was granted by one of the justices of this court, requiring the prosecutrix forthwith to pay the costs which had been taxed, or show cause at the then next term why an attachment should not issue against her.   The costs not having been paid, on the return day of the rule counsel of prosecutrix showed, for cause against ordering an attachment, that the prosecutrix was a female and married.

It has not in any way been made to appear before us on this motion that the prosecutrix is or was at any time, during the pendency of the case out of which this motion arises, married ; nor do I think it would avail her if it did so appear. In my opinion, the fifty-fourth section of the present practice act, which enacts that it shall not be lawful to arrest or imprison the person of any female by virtue of any mesne process, or process of execution in any civil action, does not apply to proceedings for contempt.   The proceeding by attachment for non-payment of costs, is not a proceeding to imprison the party on mesne or final process, but to punish for contemning the order of the court requiring the payment of the costs.   The inherent power of this court to punish all persons for wilful disregard or disobedience of its lawful writs and orders, yet remains untouched, so far as I am aware, by statute or new rule of practice.   This power of the court to punish for disobedience of its rules and orders, rests on the same foundation as that to punish for disturbance of its proceedings.   The proper practice in cases of this kind, is laid down in the case of *Smith* ads. *State, Allen, pros.,* 2 *Vroom* 216, and must be followed in this case.

The motion for attachment is granted, with costs.